IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 10-cr-00161-JLK

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

1.   **SONNY SIOFELE,**

    **Defendant.**

---

### PLEA AGREEMENT AND STATEMENT OF FACTS RELEVANT TO SENTENCING

---

The United States of America (the government), by and through Michael P. Carey, Assistant U.S. Attorney for the District of Colorado, and the defendant, Sonny Siofele, personally and by counsel, LaFonda Jones, submit the following Plea Agreement and Statement of Facts Relevant to Sentencing pursuant to D.C.COLO.LCrR 11.1.

### I. PLEA AGREEMENT

This agreement is pursuant to Rule 11 (c) (1) (A).

(1)    The defendant agrees to plead guilty to Count 2 of the Indictment charging a violation of 18 U.S.C. § 111 (a) (1) and 1114 (Simple Assault).

(2)    The government agrees to dismiss Count 1 of the indictment at the time that this agreement is accepted by the Court.

(3)    The government recommends to the Court that no fine be imposed.

COURT EXHIBIT 1

(4)     The parties stipulate that the provisions of the Mandatory Restitution Act apply and that this plea agreement is the result of a crime of violence under 18 U.S.C. § 3663A (c) and the provision of mandatory restitution to victims is applicable pursuant to § 3663A (c) (2) and in addition is applicable by this agreement of the parties. The amount of restitution, if any, will be determined by the probation department.

## II. ELEMENTS OF THE OFFENSE(S)

It is a crime to forcibly assault, resist, oppose, or interfere with a federal officer while that officer is engaged in the performance of his official duties. The elements of this crime are:

That the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Stephen W. Barnes, an employee of the United States Department of Justice, Federal Bureau of Prisons, an agency of the government at a time when Barnes was engaged in the performance of his official duty.

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. §111 (a) (1) and 1114 (simple assault) is: not more than 12 months imprisonment; not more than $100,000.00 fine, or both; not more than 1 year supervised release; $ 25.00 special assessment fee; plus restitution.

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

A violation of the conditions of probation or supervised release may result in a separate prison sentence.

## IV. STIPULATION OF FACTUAL BASIS AND FACTS RELEVANT TO SENTENCING

The parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction.

Pertinent facts are set out below in order to provide a factual basis of the plea and to provide facts, which the parties believe are relevant, pursuant to § 1B1.3, for computing the appropriate guideline range. To the extent the parties disagree about the facts relevant to sentencing, the statement of facts identifies which facts are known to be in dispute at the time of the plea. (§6B1.4(b))

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to the guideline computation (§ 1B1.3) or to sentencing in general (§ 1B1.4). In "determining the factual basis for the sentence, the court will consider the stipulation [of the parties], together with the results of the presentence investigation, and any other relevant information." (§ 6B1.4 Comm.)

The parties agree that the government's evidence would show that the date on which conduct relevant to the offense (§ 1B1.3) began is December 26, 2006. The parties agree that the government's evidence would be: on December 26, 2006, Stephen W. Barnes was a correction officer employed by the United States Department of Justice, Federal Bureau of Prisons, an agency of the United States government and assigned to the United States Prison at Florence, Colorado.

At approximately 7a.m. on the morning of the 26th, Barnes was monitoring inmates exiting the food service area. Inmates leaving the food service area pass

through a metal detection device, and in addition, some inmates are randomly selected for a pat down search. When defendant Siofele exited the food service area without stopping to be searched, Officer Barnes directed Siofele to stop and submit to a search. Siofele complained about this direction and approached Barnes and struck Barnes with his fist. Siofele was then subdued by other officers, handcuffed, and removed from the food service area.

## V. SENTENCING COMPUTATION

Any estimation by the parties regarding the estimated appropriate guideline application does not preclude either party from asking the court to depart from the otherwise appropriate guideline range at sentencing, if that party believes that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the sentencing guidelines. (§ 5K2.0)

The parties understand that the court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the court is not bound by any position of the parties. (§ 6B1.4(d))  The court is free, pursuant to §§ 6A1.3 and 6B1.4, to reach its own findings of facts and sentencing factors considering the parties' stipulations, the presentence investigation, and any other relevant information. (§ 6B1.4 Comm.; § 1B1.4)

To the extent the parties disagree about the sentencing factors, the computations below identify the factors which are in dispute. (§ 6B1.4(b))

    A.    The base guideline is §2A2.4, with a base offense level of 10.

    B.    The specific offense characteristics of physical contact is applicable and

the level is increased by 3 pursuant to §2A2.4(b)(1)(A).

C. The official victim enhancement of § 3A1.2 is not applicable because the official status of the victim is incorporated into §2A2.4 pursaunt to Application Note 2.

D. The adjusted offense level would therefore be 13.

E. The defendant should receive the adjustment for acceptance of responsibility. The resulting offense level would therefore be 11.

F. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the court. Known facts regarding the criminal history are as follows:

(1) 1997 Robbery second degree- 24 month imprisonment;

(2) 1998 Violation of parole -imprisonment for the remainder of sentence;

(3) 2000 conspiracy and possession with intent to distribute methamphetamine-135 months imprisonment.

Based on this information, if no other information were discovered, the defendant's criminal history category would be V.

G. Assuming the tentative criminal history facts of F. above, the career offender/criminal livelihood/armed career criminal adjustments would not apply.

H. The guideline range resulting from the estimated offense level of E above, and the tentative criminal history category of F above, is 24 to 30 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the estimated offense level(s) of E

      above could conceivably result in a range from 8 months (bottom of Category I), to 33 months (top of Category VI). The sentence would be limited, in any case, by the statutory maximum.

I.     Pursuant to guideline § 5E1.2, assuming the estimated offense level of E above, the fine range for this offense would be $2,000.00 to $20,000.00, plus applicable interest and penalties.

J.     Pursuant to guideline § 5D1.2, if the court imposes the term of supervised release, that term shall be not more than 1 year.

## VI. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

The parties believe the sentencing range resulting from the proposed plea agreement is appropriate because all relevant conduct is disclosed, the sentencing guidelines take into account all pertinent sentencing factors with respect to this defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 07-21-10

*[signature]*
Sonny Siofele
Defendant

Date: 21 July 10

*[signature]*
LaFonda Jones
Attorney for Defendant

Date: July 9, 2010

*[signature]*
Michael P. Carey
Assistant U.S. Attorney